On March 19, 1996, appellee M T Mortgage Corporation entered into a construction loan agreement with Michael and Mary Heiden to provide funds for a home construction contract between the Heidens and Hauser Construction. Pursuant to the financing agreement, M T was to disburse $168,300 for the lot and construction of the home.
On April 15, 1996, appellant Erb Lumber, Inc., approved a credit account with Hauser to provide material for the construction of the Heidens' home. The contract between appellant and Hauser provided for a service charge of 24 percent per year. Pursuant to the contract, appellant furnished material and labor in furtherance of the construction of the home, beginning on April 30, 1996 and ending on September 4, 1996.
Between July 2, 1996 and April 2, 1997, appellee received four written notices of appellant's claim of right to a mechanic's lien. However, on July 31, 1996, appellee disbursed $50,000 to Hauser without contacting appellant and obtaining a lien release, in violation of R.C. 1311.011(B)(5). Hauser paid appellant $16,800 several days later, although $33,345.88 was owing for goods and services provided.
Appellant brought the instant action against appellee claiming that because appellee breached the statute by failing to obtain a lien release prior to paying funds to Hauser, appellant was damaged. As R.C. 1311.011(B)(5) specifically provides that after receiving written notice of a claim of a right to a mechanic's lien, the failure of a lending institution to obtain a release from the subcontractor, material man, or laborer who served notice of such claim, isprima facie evidence of gross negligence. The court entered summary judgment on the issue of liability in favor of appellant. Upon consideration of damages, the court ordered appellee to pay appellant $16,545.88 plus interest at the rate of 10 percent from the date of judgment. The court did not award appellant pre-judgment interest.
Appellant assigns a single error:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED BY FAILING TO AWARD THE PLAINTIFF PREJUDGMENT INTEREST, ACCRUING FROM JULY 31, 1996.
We note at the outset that appellant's claim is in tort, and not in contract. The cases and statutory authority relied upon by appellant are contract cases. In the instant case, the action alleges negligence, and therefore, sounds in tort rather than contract. The fact that the case arose through a contract between appellant and Hauser Construction does not change the character of the lawsuit between appellant and appellee.
The right to pre-judgment interest in a tort case is governed by R.C. 1343.03(C):
 In addition to the post-judgment interest described in division (B) of this section, interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties shall be computed from the date the plaintiff gave the defendant written notice in person or by certified mail that the cause of action accrued until the date that the judgment, decree, or order for the payment of money is rendered or from the date the plaintiff filed a complaint to commence the civil action until accrued until the date that the judgment, decree, or order for the payment of money is rendered, whichever time period is longer, if, upon motion of any party to the civil action, the court determines at a hearing held subsequent to the verdict or decision in the civil action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
Appellant made no attempt to prove entitlement to pre-judgment interest for failure to make a good faith effort to settle the case. Appellant attempted to boot strap the 24 percent service charge in the contract into the instant judgment, arguing that because appellant did not receive the service charge from Hauser pursuant to the contract, it was entitled to collect the contractual rate as pre-judgment interest from appellee. This is without merit. The contractual rights ran between appellant and Hauser, not between appellant and appellee.
Appellant argues that in the alternative, it was entitled to pre-judgment interest at the statutory rate of 10 percent per year pursuant to R.C. 1343.03(A). That statute provides for an interest rate of 10 percent in an action arising out of tort from the date the money becomes due and payable. Again, appellant has misconstrued the relationship between the parties in the instant case. Appellee did not become liable to appellant on the date Hauser became liable pursuant to the contract. Rather, appellee was not liable to appellant until the date of the judgment finding appellee liable for negligence.
The Assignment of Error is overruled.
The judgment of the Delaware County Common Pleas Court is affirmed.
By: Reader, J. Gwin, P. J. and Farmer, J. concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Common Pleas Court is affirmed. Costs to appellant.
--------------------
--------------------
 -------------------- JUDGES